UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DARRELL BULLAR and GINA BULLAR, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15CV822 JCH |
| | ) | |
| U.S. SPECIALTY INSURANCE COMPANY, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Jason Mark and Archway Skydiving's Motion to Remand, filed May 26, 2015.[1] (ECF No. 6). The motion is fully briefed and ready for disposition.

## BACKGROUND[2]

On or about October 9, 2010, Jonathan Bullar suffered fatal injuries as a result of a parachuting accident at Vandalia Municipal Airport in Vandalia, Illinois. (*See* U.S. Specialty Insurance Company's Notice of Removal, ECF No. 1, ¶ 1). Mr. Bullar's parents, Plaintiffs Darrell and Gina Bullar, sued, *inter alia*, Defendants Jason Mark, a parachuting instructor, and Archway Skydiving in the United States District Court for the Southern District of Illinois, alleging wrongful death (the "Underlying Action"). (*Id.*). On April 21, 2014, the District Court in the Underlying Action granted the Bullars' motion for summary judgment on liability. (*Id.*, ¶ 3). On August 26, 2014, the Court entered a $2,000,000 judgment against Defendants Mark and Archway. (*Id.*).

---

1 Plaintiffs Darrell and Gina Bullar have adopted Mark and Archway's motion. (*See* ECF No. 7).
2 The Court's background section is taken primarily from U.S. Specialty Insurance Company's Notice of Removal,

˘- 1 -˘

On or about February 4, 2015, the Bullars filed a Petition to Recover Insurance Proceeds under Mo.Rev.Stat. § 379.200 against Defendants Mark, Archway and U.S. Specialty Insurance Company ("USSIC"), in the Circuit Court of St. Louis County, Missouri.[3] (Notice of Removal, ¶ 4). Mark and Archway filed a Cross-Claim for Bad Faith against USSIC on or about February 9, 2015. (*Id.*, ¶ 8). On or about March 3, 2015, the Bullars filed an Amended Petition against all Defendants, asking that judgment be entered against Defendant USSIC for "(1) the sum of the policies['] limits, (2) post-judgment interest on the judgment against Defendants Mark and Archway, and (3) the Bullars' costs in this lawsuit." (Amended Petition, ECF No. 4, P. 4). USSIC received a Summons through the Director of Missouri's Department of Insurance, Financial Institutions and Professional Registration on or about April 22, 2015, and removed the case to this Court on May 22, 2015, on the basis of diversity jurisdiction. (Notice of Removal, ¶¶ 6, 10).[4]

As stated above, Mark and Archway filed the instant Motion to Remand on May 26, 2015, claiming, *inter alia*, that USSIC failed to obtain their consent to removal, as required by 28 U.S.C. § 1446(b)(2)(A).

## LEGAL STANDARD

"The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction." *Peters v. Union Pacific R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996) (citing 28 U.S.C. § 1441(b)). "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Products Liability Litigation*, 591 F.3d 613, 619 (8th Cir.) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005), *cert. denied*, 562 U.S. 963 (2010)). The party invoking federal jurisdiction and seeking

---

to which an answer was not required.
3 USSIC was named as a Defendant because it issued two potentially implicated policies of insurance—an Airport Insurance Policy, and an Aircraft Insurance Policy. (Notice of Removal, ¶ 2; Amended Petition, ¶ 8).
4 Plaintiffs Darrell and Gina Bullar are citizens of Missouri, Defendants Mark and Archway are citizens of Illinois,

removal has the burden of establishing jurisdiction by a preponderance of the evidence. *Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009); *see also Nicely v. Wyeth, Inc.*, 2011 WL 2462060, at *2 (E.D. Mo. Jun. 17, 2011). "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." *Manning v. Wal-Mart Stores East, Inc.*, 304 F.Supp.2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997), *cert. denied*, 522 U.S. 1075, 118 S.Ct. 852, 139 L.Ed. 2d 753 (1998)); *see also In re Prempro*, 591 F.3d at 620.

### DISCUSSION

"Where there are multiple defendants, all must join in a [notice] to remove within thirty days of service." *Christiansen v. West Branch Community School Dist.*, 674 F.3d 927, 932 (8th Cir. 2012) (citing *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002)). On this basis, Mark and Archway assert the Court must remand because they did not consent to USSIC's removal of the case to this Court.

USSIC first counters that as unserved Defendants, Mark and Archway's consent to removal was not necessary. (USSIC's Memorandum in Opposition to Defendant Mark's and Archway Skydiving's Motion to Remand ("USSIC's Opp."), P. 4, quoting 28 U.S.C. § 1446(b)(2)(A) ("all '*properly* joined and served' defendants must consent to removal")). In response, Mark and Archway provide evidence that prior to removal, their attorney agreed to accept service on their behalf. (*See* ECF No. 12-1). Mark and Archway further note they then actively participated in the case, by filing deposition notices and a cross-claim against USSIC. (Motion to Remand, P. 3). Under these circumstances the Court finds that Mark and Archway were properly served, and so their

---

and Defendant USSIC is a citizen of Texas. (Notice of Removal, ¶¶ 11-14).

consent to removal was necessary. *See Hammond v. City of Ladue, Mo.*, 2010 WL 5392831, at *2 (E.D. Mo. Dec. 21, 2010); *Goree v. PV Holding Corp.*, 2015 WL 2238960, at *4 (E.D. Mo. May 12, 2015).[5]

USSIC next contends Mark and Archway's consent was not necessary as they are merely nominal Defendants, whose presence is unnecessary to the adjudication of this case. (USSIC's Opp., PP. 5-7). Upon consideration the Court disagrees, as said Defendants' joinder was mandated by Section 379.200. *See Parsons v. Allstate Ins. Co.*, No. 02-421-CV-W-FJG, slip op. at 7 (W.D. Mo. Mar. 31, 2003) ("Mo.Rev.Stat. § 379.200 specifically states that if the judgment is not satisfied the creditor may proceed against *the defendant* **and** *the insurance company*."); *Kendall v. Northern Assur. Co. of America*, 2009 WL 2632757, at *2 (W.D. Mo. Aug. 25, 2009) (collecting cases) ("Courts have consistently held that § 379.200 requires plaintiffs to join the judgment debtor in an equitable garnishment action filed pursuant to this statute.").

USSIC finally asserts that should this Court determine the presence of Mark and Archway is necessary to this action, it should realign them as Plaintiffs "in accordance with their true interests." (USSIC's Opp., PP. 7-10). The Court again finds Missouri case law is to the contrary. *See, e.g.*, *Goree*, 2015 WL 2238960, at *3 ("Courts have repeatedly rejected the argument that judgment debtors sued under § 379.200 can be realigned as plaintiffs for the purposes of creating federal jurisdiction."); *Haines v. Sentinel Ins. Co.*, 2009 WL 648894, at *3 (W.D. Mo. Mar. 11, 2009) ("Based on the foregoing cases, the Court finds that the realignment of [judgment debtor] Joshua

---

5 In its response, USSIC further asserts Mark and Archway's inclusion as Defendants under Section 379.200 was improper in the first instance, as they are not named insureds under the policies. (USSIC's Opp., PP. 3-4). Mark and Archway disagree, however, maintaining they either are insureds, or qualify as additional insureds under the policies. (*See* Amended Petition, ¶ 8; Mark's and Archway's Reply in Support of the Remand Motion, P. 1). Upon consideration, the Court finds USSIC's assertion goes to the merits of the underlying cause of action, and thus is not properly considered on this Motion to Remand. *See Caulfield v. Sig-Mo, LLC*, 2015 WL 874863, at *3 (W.D. Mo. Mar. 2, 2015) ("[T]he Court must have jurisdiction *before* it can address (much less attempt to resolve) competing factual averments.").

Kauffman is improper in this action because he is a necessary party defendant to the action under Mo.Rev.Stat. § 379.200."); *Kendall*, 2009 WL 2632757, at * 2 (collecting cases); *Parsons*, No. 02-421-CV-W-FJG, slip op. at 8.[6]

In light of the foregoing, the Court will grant Defendants Mark and Archway's Motion to Remand.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Mark and Archway's Motion to Remand (ECF No. 6) is **GRANTED**, and this case is **REMANDED** to the Circuit Court of St. Louis County, State of Missouri. An appropriate Order of Remand will accompany this Memorandum and Order.

Dated this  13th  Day of July, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

6 The Court agrees with Mark and Archway that realignment would be futile in any event, as diversity would not exist even if Mark and Archway were rendered plaintiffs. In other words, because Missouri courts consider Section 379.200 to be a direct action statute, pursuant to 28 U.S.C. § 1332(c) USSIC would be deemed a citizen of Illinois, the state of which its insureds are citizens. *See* 28 U.S.C. § 1332(c)(1)(A) ("[I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of…every State and foreign state of which the insured is a citizen."). *See also Village at Deer Creek Homeowners Ass'n, Inc. v. State Auto. Ins. Co.*, 2011 WL 2681229, at *3 (W.D. Mo. Jul. 8, 2011) ("Federal courts in Missouri have consistently referred to § 379.200 suits as 'direct actions' under § 1332(c)."); *Parsons*, No. 02-421-CV-W-FJG, slip op. at 10 ("However, federal courts in Missouri have taken the view that Mo.Rev.Stat. 379.200 is a 'direct action' statute and that the insurance company is deemed to be a citizen of the state of the insured. This is the view that we are bound to follow."); *Goree*, 2015 WL 2238960, at *3 ("Realignment of the parties in this case would not create jurisdiction in any event, [as an] action under § 379.200 is a 'direct action' against an insurer."). Thus, should Mark and Archway be deemed plaintiffs, complete diversity would not exist as both they and USSIC would be citizens of Illinois.